KATHRYN A. THICKSTUN
California Bar No. 135014
110 West C Street, Suite 2108
San Diego, CA 92101-3910

Telephone: (619) 523-5375
Facsimile:  (619) 523-5376
E-Mail: ktleff@cox.net

Attorney for Defendant JUAN CARLOS LEDESMA-LOZANO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JANIS L. SAMMARTINO)

| UNITED STATES OF AMERICA, | ) | Case No. 08 CR 1273 JLS |
|---|---|---|
| Plaintiff, | ) | STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO: |
| v. | ) | 1) COMPEL DISCOVERY. |
| JUAN CARLOS LEDESMA-LOZANO, | ) | |
| Defendant. | ) | |

## I.

## STATEMENT OF FACTS

On August 29, 2007, officers of the United States Marshals Service Task Force arrested Juan Carlos Ledesma-Lozano on an outstanding warrant. The arresting officers were aware he had been previously deported. An Immigration Agent interviewed Mr. Ledesma while he was in San Diego County Jail. Mr. Ledesma admitted he had been previously deported and had no right to re-enter the United States. An immigration hold was placed on Mr. Ledesma. On March 31, 2008, upon the completion of his county jail sentence, Mr. Ledesma went into custody of the United States Marshals on a charge of being a deported alien in the United States in the case before this court.

## II.

## MOTION TO COMPEL DISCOVERY

Defense counsel has received some discovery from the government. Mr. Ledesma-Lozano moves for the production by the government of the following items. This request is not limited to those items of which the prosecutor knows, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under **United States v. Bryan**, 868 F.2d 1032 (9th Cir.), **cert. denied**, 493 U.S. 858 (1989).

(1) **The Defendant's Statements** Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any **Miranda** warnings which may have been given to the defendant (**see United States v. McElroy**, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal <u>all</u> Mr. Ledesma-Lozano's statements, whether oral or written regardless whether the Government intends to introduce those statements. Mr. Ledesma-Lozano requests the court order the preservation of all rough notes;

(2) **Arrest Reports, Notes and Dispatch Tapes** Mr. Ledesma-Lozano also specifically requests all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and **Brady v. Maryland**, 373 U.S. 83 (1963). **See also United States v. Johnson**, 525 F.2d 999 (2d Cir. 1975), **cert. denied**, 424 U.S. 920 (1976); **United States v. Lewis**, 511 F.2d 798 (D.C. Cir. 1975); **United States v. Pilnick**, 267 F. Supp. 791

1  (S.D.N.Y. 1967); **Loux v. United States**, 389 F.2d 911 (9th Cir.), **cert. denied**, 393 U.S. 867 (1968).
2  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and
3  prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C),
4  Fed. R. Crim. P. 26.2 and 12(i);

5  (3) **Summaries of Expert Witness Testimony** Pursuant to Fed. R. Crim. P. 16(E), Mr.
6  Ledesma-Lozano requests the summaries of testimony the government intends to use under Rules 702,
7  703, or 705 of the Federal Rules of Evidence, including the witnesses' opinions, the bases and the
8  reasons for those opinions, and the witnesses' qualifications;

9  (4) **Brady Material** Mr. Ledesma-Lozano requests all documents, statements, agents' reports,
10 and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility
11 of the government's case.  Impeachment as well as exculpatory evidence falls within **Brady's** definition
12 of evidence favorable to the accused.  **United States v. Bagley**, 473 U.S. 667 (1985)**; United States v.**
13 **Agurs**, 427 U.S. 97 (1976). ;

14 (5) **Any Information that May Result in a Lower Sentence under the United States**
15 **Sentencing Guidelines** As discussed above, this information is discoverable under Brady v. Maryland,
16 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant,
17 as well as any information that could affect any base offense level or specific offense characteristic under
18 Chapter Two of the Sentencing Guidelines.  Also included in this request is any information relevant
19 to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other
20 application of the Sentencing Guidelines;

21 (6) **The Defendant's Prior Record** Evidence of prior record is available under Fed. R. Crim.
22 P. 16(a)(1)(B);

23 (7) **Any Proposed 404(b) Evidence** Evidence of prior similar acts is discoverable under Fed.
24 R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon
25 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
26 general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b)
27 at trial. Mr. Ledesma-Lozano requests that such notice be given three weeks before trial in order to give
28

1 the defense time to adequately investigate and prepare for trial;

2 (8) **Evidence Seized** Evidence seized as a result of any search, either warrantless or with a
3 warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

4 (9) **Request for Preservation of Evidence** Mr. Ledesma-Lozano specifically requests all
5 physical evidence that may be destroyed, lost, or otherwise removed from the possession, custody, or
6 care of the government and which relate to the arrest or the events leading to the arrest in this case be
7 preserved. It is requested that the government be ordered to <u>question</u> all the agencies and individuals
8 involved in the prosecution and investigation of this case to determine if such evidence exists, and if it
9 does exist, to inform those parties to preserve any such evidence;

10 (10) **Document and Tangible Objects** Mr. Ledesma-Lozano requests, under Fed. R. Crim. P.
11 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and
12 tangible objects, including photographs, books, papers, documents, photographs, of building or places
13 or copies of portions thereof which are material to the defense or intended for use in the government's
14 case-in-chief, or were obtained from or belong to the defendant. Specifically, Mr. Ledesma-Lozano
15 requests the government provide him with a copy of hi "A" file and copies of the tape recordings of all
16 of his court appearances during the proceedings which led to his alleged deportation.

17 (11) **Evidence of Bias or Motive to Lie** Mr. Ledesma-Lozano requests any evidence that any
18 prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify
19 or distort his or her testimony. **Pennsylvania v. Ritchie**, 480 U.S. 39 (1987); **United States v. Strifler**,
20 851 F.2d 1197 (9th Cir. 1988), **cert. denied**, 489 U.S. 1032 (1989);

21 (12) **Impeachment Evidence** Mr. Ledesma-Lozano requests any evidence that any prospective
22 government witness has engaged in any criminal act, whether or not resulting in a conviction, and
23 whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and
24 613. Such evidence is discoverable under **Brady v. Maryland**, 373 U.S. 83 (1963). <u>See</u> **United States**
25 **v. Strifler**, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); **Thomas v. United States**, 343 F.2d
26 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

27 (13) **Evidence of Criminal Investigation of Any Government Witness** Mr. Ledesma-Lozano

28

requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. **United States v. Chitty**, 760 F.2d 425 (2d Cir.), cert. **denied**, 474 U.S. 945 (1985);

(14) **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling** The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. **United States v. Strifler**, 851 F.2d 1197 (9th Cir. 1988); **Chavis v. North Carolina**, 637 F.2d 213, 224 (4th Cir. 1980);

(15) **Witness Addresses** Mr. Ledesma-Lozano requests the name and last known address of each prospective government witness. **See United States v. Napue**, 834 F.2d 1311 (7th Cir. 1987); **United States v. Tucker**, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); **United States v. Cook**, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), **cert. denied**, 444 U.S. 1034 (1980). Mr. Ledesma-Lozano also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. **United States v. Cadet**, 727 F.2d 1453 (9th Cir. 1984);

(16) **Name of Witnesses Favorable to Mr. Ledesma-Lozano**: Mr. Ledesma-Lozano requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. **Jackson v. Wainwright**, 390 F.2d 288 (5th Cir. 1968); **Chavis v. North Carolina**, 637 F.2d 213, 223 (4th Cir. 1980); **Jones v. Jago**, 575 F.2d 1164, 1168 (6th Cir.), **cert. denied**, 439 U.S. 883 (1978); **Hudson v. Blackburn**, 601 F.2d 785 (5th Cir. 1979), **cert. denied**, 444 U.S. 1086 (1980);

(17) **Statements Relevant to the Defense** Mr. Ledesma-Lozano requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. **United States v. Bailleaux**, 685 F.2d 1105 (9th Cir. 1982);

(18) **Jencks Act Material** Mr. Ledesma-Lozano requests all material to which defendant is

entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgement that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). **Campbell v. United States**, 373 U.S. 487, 490-92 (1963). In **United States v. Boshell**, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. Mr. Ledesma-Lozano requests pre-trial production of <u>Jencks</u> material to expedite cross-examination and to avoid lengthy recesses during trial;

(19) **Giglio Information** Pursuant to **Giglio v. United States**, 405 U.S. 150 (1972), Mr. Ledesma-Lozano requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(20) **Personnel Records of Government Officers Involved in the Arrest** Mr. Ledesma-Lozano requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to **Pitchess v. Superior Court**, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(21) **Government Examination of Law Enforcement Personnel Files** Mr. Ledesma-Lozano requests the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Ledesma-Lozano requests these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under **United States v. Henthorn**, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in **Henthorn** remanded for **in camera** review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant

to impeachment or that is exculpatory to Mr. Ledesma-Lozano prior to trial. Mr. Ledesma-Lozano specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under **Henthorn**, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

22) Mr. Ledesma-Lozano requests an opportunity to review and copy the documents in his A File.

23) Mr. Ledesma-Lozano requests copies of any and all audio recordings of Immigration Court hearings relevant to him.

### III.
### CONCLUSION

Based upon the foregoing, Mr. Juan Carlos Ledesma-Lozano respectfully requests the court grant the above motion.

Respectfully submitted,

Date: May 9, 2008

s/Kathryn A. Thickstun
KATHRYN A. THICKSTUN
Attorney for Defendant JUAN CARLOS LEDESMA-LOZANO