KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR1273-JLS |
| Plaintiff, | Date: May 23, 2008<br>Time: 1:30 p.m. |
| v. | The Honorable Janis L. Sammartino |
| JUAN CARLOS LEDESMA-LOZANO, | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant. | |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions in the above-referenced case for (1) Fingerprint Exemplars; (2) Reciprocal Discovery; and (3) Leave to File Further Motions. These motions are based on the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

/ /

**I**

**STATEMENT OF THE CASE**

On April 23, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Juan Carlos Ledesma-Lozano ("Defendant") with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On April 24, 2008, Defendant was arraigned on the Indictment and pled not guilty. The United States hereby files the following motions for fingerprint exemplars, reciprocal discovery and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A.    OFFENSE CONDUCT**

On April 29, 2007, officers with the United States Marshals Service Task Force in San Diego, California, arrested Defendant on a felony warrant and booked him into county jail. While in county jail, an agent with Immigration and Customs Enforcement (ICE) conducted a field interview and determined Defendant was a citizen and national of Mexico and placed an immigration hold (I-247) pending Defendant's release from state custody.

On March 31, 2008, Defendant released from state custody and referred to ICE custody at their field office in San Diego, California, for processing. An ICE agent conducted a record check and reviewed various sources of information confirming Defendant was a citizen and national of Mexico having been deported or removed from the United States on at least one occasion.

On March 31, 2008, at approximately 11:48 a.m., Defendant was advised of his <u>Miranda</u> rights in the Spanish language. Defendant acknowledged that he understood his rights and he agreed to waive his <u>Miranda</u> rights and speak with government agents without the presence of an attorney. Defendant admitted to being a citizen and national of Mexico. Defendant said he last entered the United States through the hills near Tecate, California. Defendant admitted that he had never applied for a waiver of deportation or removal, and upon entry into the United States, he did not present himself for inspection before an immigration officer. Defendant remembered having an immigration hearing on November 3, 2005, and admitted that the immigration judge ordered him to be deported. Defendant said he had been deported or removed from the United States on at least five prior occasions.

### B. DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen and national of Mexico. Defendant was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge on November 3, 2005. Pursuant to that order, Defendant was physically removed from the United States to Mexico through the San Ysidro, California, Port of Entry on November 3, 2005. Defendant has been removed from the United States on at least five prior occasions. After Defendant's last deportation, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

### C. DEFENDANT'S CRIMINAL HISTORY

Defendant has an extensive criminal history. The United States, propounds that Defendant has at least twelve criminal history points placing him in Criminal History Category V.

On June 28, 2001, Defendant was convicted of reckless driving, a misdemeanor, in violation of the California Vehicle Code § 23103, and received a sentence of 3 years probation.

On August 15, 2005, Defendant violated his probation, which was revoked, and Defendant was sentenced to 90 days in jail. On April 25, 2005, Defendant was convicted of inflicting corporal injury on a spouse/cohabitant, a misdemeanor, in violation of California Penal Code § 273.5, and received a sentence of 18 days in jail and 3 years probation. On August 15, 2005, Defendant was convicted of: (1) battery, a misdemeanor, in violation of California Vehicle Code § 242, and received a sentence of 8 days in jail and 3 years probation; (2) inflicting corporal injury on a spouse/cohabitant, a felony, in violation of California Penal Code § 273.5, and received a sentence of 240 days in jail and 3 years probation; and (3) driving under the influence, a misdemeanor, in violation of California Vehicle Code § 23152. Defendant violated his probation, which was revoked, with regard to his felony conviction, on August 29, 2007.

On July 10, 2006, Defendant was convicted of driving without a license, a misdemeanor, in violation of California Vehicle Code § 12500, and received a sentence of 3 years probation.

On September 18, 2007, Defendant was convicted of driving under the influence, a misdemeanor, in violation of California Vehicle Code § 23152, and was sentenced to 365 days in jail.

**III**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    MOTION FOR FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence would not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969). See also Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial).

**B.    MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

**1.    Defendant's Disclosures Under Fed R. Crim. P. 16(b)**

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 155 pages of discovery (including reports of the arresting officers and agents, criminal history reports, documents concerning Defendant's prior convictions and immigration history) and one DVD-ROM containing Defendant's videotaped, post-arrest statements. As of the date of this Motion, the United States has **not** received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in

connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### 2. Witness Statements Under Fed. R. Crim. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### C. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

### IV
### CONCLUSION

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions.

DATED: May 9, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney