KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1273-JLS |
|---|---|---|
| Plaintiff, | ) | Date: August 22, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 6 |
| v. | ) | |
| | ) | The Honorable Janis L. Sammartino |
| JUAN CARLOS LEDESMA-LOZANO, | ) | **THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR DOWNWARD DEPARTURES** |
| Defendant. | ) | |

The Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Response In Opposition to Defendant's Motions For Downward Departures. This Response is based on the files of this case and the Presentence Report ("PSR") concerning JUAN CARLOS LEDESMA-LOZANO ("Defendant"). For the reasons set forth below, the Court should impose the 70-month sentence recommended by the United States.

//

//

//

**I**

**STATEMENT OF THE CASE**

On April 23, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Juan Carlos Ledesma-Lozano ("Defendant") with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On April 24, 2008, Defendant was arraigned on the Indictment and pled not guilty. On May 23, 2008, Defendant pled guilty to the Indictment without a plea agreement. On August 12, 2008, Defendant filed motions to depart downward to reduce his Criminal History Category from V to III and to reduce the effect of his prior crime of violence from 16 levels to 8 levels. The United States' position is that these requests improperly ask the Court to misapply the Sentencing Guidelines (USSG or Guidelines), ignore Ninth Circuit precedent, and create an unwarranted sentencing disparity between Defendant and other similarly situated defendants. As such, the United States respectfully requests that the Court deny Defendant's motions.

**II**

**STATEMENT OF FACTS**

**A.    OFFENSE CONDUCT**

On April 29, 2007, officers with the United States Marshals Service Task Force in San Diego, California, arrested Defendant on a felony warrant and booked him into county jail. While in county jail, an agent with Immigration and Customs Enforcement (ICE) conducted a field interview and determined Defendant was a citizen and national of Mexico and placed an immigration hold (I-247) pending Defendant's release from state custody.

On March 31, 2008, Defendant released from state custody and referred to ICE custody at their field office in San Diego, California, for processing. An ICE agent conducted a record check and reviewed various sources of information confirming Defendant was a citizen and national of Mexico having been deported or removed from the United States on at least one occasion.

On March 31, 2008, at approximately 11:48 a.m., Defendant was advised of his <u>Miranda</u> rights in the Spanish language. Defendant acknowledged that he understood his rights and he agreed to waive his <u>Miranda</u> rights and speak with government agents without the presence of an attorney. Defendant admitted to being a citizen and national of Mexico. Defendant said he last entered the United States

through the hills near Tecate, California. Defendant admitted that he had never applied for a waiver of deportation or removal, and upon entry into the United States, he did not present himself for inspection before an immigration officer. Defendant remembered having an immigration hearing on November 3, 2005, and admitted that the immigration judge ordered him to be deported. Defendant said he had been deported or removed from the United States on at least five prior occasions.

### B.    DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen and national of Mexico. Defendant was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge on November 3, 2005. Pursuant to that order, Defendant was physically removed from the United States to Mexico through the San Ysidro, California, Port of Entry on November 3, 2005. Defendant has been removed from the United States on at least five prior occasions. After Defendant's last deportation, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

### C.    DEFENDANT'S CRIMINAL HISTORY

Defendant has an extensive criminal history. The United States, propounds that Defendant has at least eleven criminal history points placing him in Criminal History Category V.

| DATE OF CONVICTION | COURT OF CONVICTION | CHARGE | TERM | CHC SCORE |
|---|---|---|---|---|
| 06/28/2001 | CASC – SD | Cal. Veh. Code § 12500(a) – DUI (M) | 3 yrs probation | 1 |
| 05/25/2004 | CASC – SD | Cal. Penal Code § 242 – Battery (involving a spouse/cohabitant) (M) | 8 days' jail, 3 yrs probation | 1 |
| 04/25/2005 | CASC – SD | Cal. Penal Code § 273.5 – Inflict Corporal Injury on a Spouse/Cohabitant (M) | 18 days' jail, 3 yrs probation | 1 |
| 08/15/2005 | CASC – SD | Cal. Penal Code § 273.5 – Inflict Corporal Injury on a Spouse/Cohabitant (F) Cal. Veh. Code § 12500(a) – DUI (M) | 240 days' jail, 3 yrs probation | 2 |
| 07/10/2006 | CASC – SD | Cal. Veh. Code § 12500(a) – Driving w/o a License (M) | 3 yrs probation | 1 |
| 09/18/2007 | CASC – SD | Cal. Veh. Code § 12500(a) – DUI | 365 days' jail | 2 |
| | | **ADDITIONAL POINTS** | ON PAROLE/PROBATION | 2 |
| | | | WITHIN 2 YEARS OF RELEASE | 1 |

**II**

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTIONS FOR DOWNWARD DEPARTURES**

Defendant has asked the Court to depart downward to reduce his criminal history category from V to III and to reduce the effect of his prior crime of violence from 16 levels to 8 levels [Def. Motion at 2-4.] The United States contends that Defendant's criminal history is not overrepresented and that Defendant's prior felony crime of violence, which involved inflicting corporal injury on his spouse/cohabitant, properly enhances the base offense level under the Guidelines by sixteen levels. As such, the Court should properly calculate the advisory Guideline range and sentence Defendant to the low-end of the Guideline range because it addresses all of the factors set forth in 18 U.S.C. § 3553(a).[1]

**A.     DEFENDANT'S CRIMINAL HISTORY IS NOT OVER-REPRESENTED**

A defendant has the burden to show he is entitled to a downward departure. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir. 1990). A downward departure may be warranted if "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(b)(1) (emphasis added). By way of explanation, the Guidelines state that this departure may be available where "the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." Id. § 4A1.3, comment. n. 3.

In this case, Defendant's criminal convictions are very serious and involve driving under the influence of alcohol and domestic violence. [PSR at 3-7.] Defendant has three convictions for driving with a blood-alcohol-content above the legal limit and three convictions, one of which was a felony, for inflicting corporal injury on his spouse/cohabitant. Defendant also has a conviction for driving without a license. All of these convictions result in a total of eleven criminal history points – eight criminal history points for the prior misdemeanor and felony convictions plus three additional points because Defendant was still on probation at the time of the instant offense and because the instant offense occurred within two years of Defendant's release from jail. Defendant argues that these prior

---

[1] The United States incorporates by reference its Sentencing Memorandum and its Sentencing Summary Chart, both of which were filed with the Court on August 15, 2008.

1 convictions overstate his Criminal History Category. [Def. Motion at 2-3.] However, the evidence supports that Defendant's criminal history is not <u>substantially</u> over-represented within the meaning of the Guidelines.

First, Defendant's three prior convictions for driving with a blood-alcohol-content above the legal limit are serious offenses that posed a danger to himself and other innocent motorists. [PSR 3-7.] In 2006 an estimated 15,827 people died in alcohol-related traffic crashes—an average of one every 33 minutes. <u>See</u> Mother's Against Drunk Driving (MADD) <u>at</u> http://www.madd.org/drunk-driving/drunk-driving/ statistics/allstats.aspx#stat_1 (last visited August 15, 2008). According to MADD, these deaths constituted 37 percent of the 42,532 total traffic fatalities. <u>Id.</u> Of these, 13,470 involved a driver with an illegal BAC (.08 or greater). <u>Id.</u> On average someone is killed by a drunk driver every 39 minutes. <u>Id.</u> Based on these statistics, Defendant cannot minimize the seriousness of his three prior drunk driving convictions.

Second, Defendant's convictions for inflicting corporal injury and battery on his "common-law spouse" [hereinafter "spouse"] are also very serious. In April 2004, Defendant was involved in a verbal argument with his spouse that resulted in Defendant pulling his spouse's hair and slapping her in the face. [PSR at 3.] Defendant's spouse complained about pain to her head and explained that the incident arose because she did not have dinner ready when Defendant came home. [<u>Id.</u>] In April 2005, Defendant again was involved in a verbal argument with his spouse that resulted in Defendant hitting his wife with a shoe, pushing her to the ground and kicking her in the head. [<u>Id.</u> at 4.] In addition, Defendant banged his wife's head on the carpeted floor and struck her in the face with his closed fists. [<u>Id.</u>] Again, Defendant's spouse complained of pain in her head and neck and had visible swelling and bruising on her body. [<u>Id.</u>] Finally, in June 2005, Defendant, who was intoxicated, three a large piece of concrete (8 by 4 by 2 inches) through a bedroom window landing on his wife's bed, who was accompanied by her minor son. [<u>Id.</u> at 5.] When Defendant's wife tried to leave, Defendant punched her in the face, causing redness and swelling. [<u>Id.</u>] Defendant fled the scene, but was later apprehended by police for drunk driving. [<u>Id.</u>] Based on the facts of Defendant's domestic violence, Defendant cannot minimize the seriousness of these convictions.

//

Defendant has failed to demonstrate how a Criminal History Category of V <u>substantially</u> over-represents the seriousness of his criminal history or likelihood of recidivism. Straightforward application of the Sentencing Guidelines to Defendant's criminal history gives rise to a Criminal History Category of V, which the Defendant does not dispute. The Sentencing Guidelines already account for the minor nature of some of Defendant's crimes by assigning only one point to his misdemeanor convictions and only counting such convictions within the last ten years. <u>See</u> USSG § 4A1.1(c). Furthermore, Defendant has numerous failures to appear and has violated his probation on several occasions by committing new crimes, including the instant offense. [PSR 3-7.]

It is clear that Defendant is willing to repeat similar crimes and is willing to violate the terms of his probation. Moreover, his criminal history shows a history of alcohol and spousal abuse, as well as issues with anger management, and all of his prior convictions are related to these abuses. In fact, Defendant's crimes appear to be escalating in seriousness. Given the recent and repeated nature of Defendant's conduct, the United States submits that Defendant's Criminal History Category of V does not <u>substantially</u> over-represent the seriousness of Defendant's criminal history or the likelihood that he will commit other crimes. As such, the United States respectfully requests that this departure request be denied.

**B.   DEFENDANT'S DOMESTIC VIOLENCE CONVICTION QUALIFIES AS A CRIME OF VIOLENCE WARRANTING A 16-LEVEL ENHANCEMENT**

Defendant claims that the Court should depart eight levels from the total offense level calculated under the advisory guidelines because Defendant's prior felony for inflicting corporal injury on a spouse "has nothing else in common with any of the other crimes which qualify a defendant for the highest possible adjustment under USSG § 2L1.2." [Def. Motion at 4.] Defendant also asserts that "[d]omestic violence is indeed serious, but it does not warrant a sixteen level adjustment." [<u>Id.</u>] There is one major flaw with Defendant's argument – it is foreclosed by prior Ninth Circuit precedent. <u>See</u> <u>United States v. Jimenez</u>, 258 F.3d 1120, 1125 n.5 (9th Cir. 2000); <u>United States v. Zepeda-Martinez</u>, 470 F.3d 909, 911-12 (9th Cir. 2006); <u>United States v. Zepeda-Martinez</u>, 213 Fed. Appx. 530, 2006 WL 3716020 (9th Cir., Dec. 13, 2006) (relying on <u>People v. Jackson</u>, 77 Cal. App.4th 574, 578 (2000)). While Defendant's opinion may be that his prior felony conviction is more akin to an aggravated felony, the Ninth Circuit has held to the contrary finding that Defendant's felony conviction under California Penal

1  Code Section 273.5 is a crime of violence. See Jimenez, 258 F.3d at 1125 n.5; Zepeda, 231 Fed. Appx.

2  at 530; see also Exhibit A (attached herein) (containing the judicially noticeable documents supporting

3  Defendant's prior felony conviction under California Penal Code Section 273.5).

4        For a conviction under 8 U.S.C. § 1326, the Guideline's base offense level may be adjusted

5  upward by sixteen levels if the defendant had been previously deported after a crime of violence. See

6  USSG § 2L1.2(b)(1)(A)(ii). A crime of violence is defined as:

> Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

10 USSG § 2L1.2, app. n. 1(B)(iii). The Ninth Circuit has held that a felony conviction under California

11 Penal Code Section 273.5 is categorically a crime of violence because it contains as an element the use,

12 attempted use, or threatened use of physical force against the person of another. Jimenez, 258 F.3d at

13 1125 n.5 (recognizing that a prior felony conviction for "inflicting corporal injury on a spouse" is a

14 "crime of violence" in that it involves the "use, attempted use, or threatened use of physical force

15 against ... another.") (quotations in original)); Zepeda-Martinez, 213 Fed. Appx. at 530 (same). As such,

16 the sixteen level upward adjustment is warranted. The Court should apply Ninth Circuit precedent and

17 deny Defendant's motion to depart eight levels from the total offense level.

## IV

## **CONCLUSION**

20       For the foregoing reasons, the United States respectfully requests that the Court deny

21 Defendant's motions for downward departures and sentence the Defendant in accordance with the

22 United States' Sentencing Summary Chart, which recommends the Court sentence Defendant to 70

23 months' in custody, the low-end of Guideline range, followed by 3 years of supervised release.

24       DATED: August 15, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney